# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CRAIG ARNOLD THOMAS, | ) | NO. EDCV 09-01736 AG (SS) |
| Petitioner, | ) | **ORDER MODIFYING AND ADOPTING** |
| v. | ) | **FINDINGS, CONCLUSIONS AND** |
| FERNANDO GONZALEZ, Warden, | ) | **RECOMMENDATIONS OF UNITED STATES** |
| Respondent. | ) | **MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records and files herein, the Magistrate Judge's Amended Report and Recommendation, Petitioner's Objections to the initial Report and Recommendation, and his Objections to the Amended Report and Recommendation. After having made a de novo determination of the portions of the Amended Report and Recommendation to which Objections were directed, the Court concurs with and adopts the findings, conclusions and recommendations of the Magistrate Judge. However, the Court modifies the Recommendation and responds to Petitioner's Objections as indicated below.

In the Amended Report and Recommendation, the Magistrate Judge recommended denying the Petition on the grounds that it is untimely. In particular, the Report concludes that Petitioner's state habeas petition to the California Supreme Court, rejected as untimely, was not properly filed and therefore did not provide tolling.

In his March 8, 2010 Objections to the Amended Report, Petitioner asserts that, pursuant to the mailbox rule, the California Supreme Court Petition was actually filed in "early January of 2009" and that "February 1, 2009 is just the date the [California Supreme Court Petition] was officially file stamped." (Objections to Amended Report and Recommendation at 1). Petitioner's assertion is belied by the record. As noted in the Amended Report, Petitioner himself dated the California Supreme Court Petition with the date of "February 1, 2009." (See Amended Petition at 5). The California Supreme Court Petition was file-stamped February 6, 2009. (See Lodgment 14 at 1). The California Supreme Court rejected the Petition as untimely because the Petition was filed 320 days after the Court of Appeal decision issued. Even if the Petition had been filed in January, it is likely that the court would still have found the Petition untimely. Accordingly, the record does not support Petitioner's objection.

Petitioner's Objections to the Amended Report also present a new argument for equitable tolling. He asserts that he is entitled to equitable tolling for the period of April 2008 until December of 2008 because, during that period, the prison where he was incarcerated was on lockdown, thus "hindering law library access completely, which hindered legal material, research, and copies." (Objections to Amended Report

2

and Recommendation at 1). This objection is unavailing. First, lockdowns and restricted law library access are not generally the kind of "extraordinary circumstances" that entitle a habeas petitioner to equitable tolling. See Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2002) (recognizing that the lack of access to library material does not automatically qualify as grounds for equitable tolling). Second, Petitioner was able to file the Bail Petition on May 5, 2008, which is during the period he asserts the prison was on lockdown. This undermines any claim that the lockdown made it impossible for him to timely file the instant Petition. Third, giving Petitioner the benefit of this additional tolling would not render the Petition timely. As noted in the Amended Report, even assuming the dubious proposition that Petitioner was entitled to equitable tolling for the period between March 17, 2008 and September 30, 2008 (as he previously argued), his Petition would be late by 176 days. (See Amended Report at 15-16). If the 92-day period between October 1, 2008 and December 31, 2008 is tolled (based on Petitioner's latest argument), the Petition would still be untimely by 84 days. Accordingly, giving Petitioner the benefit of all the equitable tolling he seeks would not change the outcome here.

On March 8, 2010, Petitioner filed a Request for an Evidentiary Hearing. Because the Court finds on the record before it that the Petition should be dismissed, the Request is DENIED.

\\
\\
\\
\\
\\

IT IS ORDERED THAT:

1. Respondent's Motion to Dismiss is GRANTED and Judgment shall be entered dismissing this action with prejudice.

2. Petitioner's Request for an Evidentiary Hearing is DENIED.

3. The Clerk shall serve copies of this Order and the Judgment herein by United States mail on Petitioner and on counsel for Respondent.

DATED: March 30, 2010

_____
ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

4